**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION** |
| | ) | **05-cr-0619-06** |
| KAREEM MYERS, | ) | |
| | ) | |
| Defendant. | ) | |

---

### MEMORANDUM OPINION & ORDER

**RUFE, J.**                                                        **February 23, 2009**

       Defendant Kareem Myers is currently serving a 262-month term of imprisonment for offenses involving the distribution of crack cocaine.  He now seeks a reduction of his sentence to reflect Amendment 706 to the United States Sentencing Guidelines, which reduced the sentencing ranges applicable to crack cocaine offenses under Section 2D1.1 of the Guidelines.  Defendant, however, was sentenced based on his designation as a career offender and a Guideline range that is unaffected by Amendment 706.  Therefore, the Court will deny his Motion.

**I.      BACKGROUND**

       On February 6, 2006, Defendant pleaded guilty to two counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).[1]  For each count, Defendant faced a mandatory minimum term of imprisonment of ten years, a statutory maximum sentence of life imprisonment, a mandatory minimum of eight years of supervised release with a maximum of lifetime supervised release, a four million dollar fine and a one hundred dollar special assessment.[2]

---

[1] Pre-sentence Investigation Report, Docket No. 05-00619-06, February 21, 2007 ("PSIR") at *1.

[2] Id. ¶ 81, 84, 90.

According to the Pre-sentence Investigation Report ("PSIR"), Defendant had two prior adult felony convictions.[3]  On February 27, 1997,  Defendant was arrested after being found in possession of ten packets of PCP.[4]  He pleaded guilty on August 7, 1997 in the Philadelphia Court of Common Pleas to a charge of manufacture/delivery/possession with intent to manufacture or deliver a controlled substance.[5]  Second, Defendant was arrested on October 17, 1998 for selling PCP.[6]  On December 16, 1999, he was found guilty following a bench trial of the charge of manufacture/delivery/possession with intent to manufacture or deliver a controlled substance.[7]  As a result of these two prior convictions for controlled substance offenses, Defendant was considered a career offender under Sentencing Guidelines § 4B1.1.[8]

The PSIR calculated Defendant's offense level as 34.  Having pleaded guilty to selling 54.3 grams of crack cocaine, Defendant's base offense level under Sentencing Guidelines § 2D1.1(c)(4) was 32.[9]  However, as Defendant was designated a career offender and the statutory

---

[3] PSIR ¶ 45.  It should be noted that Defendant did not object to the PSIR either prior to or during his sentencing hearing.  Sentencing Hr'g Tr., March 16, 2007 ("Tr.") at 2:21-3:7.

[4] PSIR ¶ 53-54.

[5] Id. ¶ 54.

[6] Id. ¶ 55-56.

[7] Id. ¶ 56.

[8] Id. ¶ 6(c), 45, 57.  A defendant is a career offender under the Sentencing Guidelines if

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

[9] PSIR ¶ 39; U.S.S.G. § 2D1.1(c)(4).

maximum for his offenses was life, Defendant's base offense level was increased to 37 under § 4B1.1.[10]  Defendant was then accorded a three-level reduction for acceptance of responsibility, resulting in a final offense level of 34.[11]

With regard to Defendant's criminal history category, the PSIR reported that Defendant had been arrested three times as an adult and five times as a juvenile.  His two adult convictions resulted in a total of six criminal history points.[12]  Two points were added because the instant offenses were committed less than two years following Defendant's release from custody.[13]  In total, Defendant was assigned eight criminal history points, establishing a criminal history category of IV.[14]  Yet, because Defendant was considered a career offender, his criminal history category automatically increased to VI.[15]  With an offense level of 34 and a criminal history category of VI, Defendant's advisory Guideline range became 262 to 327 months' imprisonment.[16]

On March 16, 2007, the Court sentenced Defendant to 262 months' imprisonment and eight years of supervised release, as well as a $1,200 fine and a $200 special assessment.[17]  In rendering its sentence, the Court considered the Guidelines range, noting that it was "a very

---

[10] PSIR ¶ 45; U.S.S.G. § 4B1.1(b)(A).

[11] PSIR ¶¶ 46-48.

[12] Id. ¶¶ 49-61.

[13] Id. ¶ 57.

[14] Id.

[15] Id.; U.S.S.G. § 4B1.1(b).

[16] PSIR ¶ 82.

[17] Judgment, March 16, 2007 [Document No. 360].

important part of the sentence" even thought it was only advisory.[18]  The Court also noted that

there was "so much evidence on this record to impose a serious sentence" on Defendant, that the

differential between crack cocaine and powdered cocaine when computing the Guidelines ranges

was "almost unimportant."[19]  The Court explicitly stated that it was "aware of the disparity

between . . . powder cocaine versus crack . . [and was] not basing [its] decision on any misbelief

that the crack cocaine guidelines are mandatory."[20]

The Court found no grounds for a downward departure from the Guidelines range.  It

found that a criminal history category of VI did not over-represent the seriousness of Defendant's

criminal history, rejecting Defendant's argument that sentencing him in the Guidelines range as a

career offender would be "excessive."[21]  It also refused to depart from the Guidelines range due

to Defendant's limited cooperation, his time in solitary confinement or the adverse impact on

Defendant's family.[22]  Finally, the Court rejected Defendant's argument that a long prison

sentence would actually impair Defendant's rehabilitation.[23]

After considering each of the § 3553(a) factors, the Court imposed a sentence at the

bottom of the applicable Guidelines range, or 262 months.[24]  The Court found this sentence

reasonable given Defendant's "age, his family needs, his initial cooperation and the length of

---

[18] Tr. at 29:8-12.

[19] Id. at 29:13-19.

[20] Id. at 30:6-10.

[21] Id. at  6:4-5, 7:3-7, 30:10-14.

[22] Id. at 30:18-31:12, 17-22.

[23] Id. at 31:13-16.

[24] Id. at 38:78, 15-17, 41:11-42:4.

4

time . . . that he needs to learn his lesson and be rehabilitated."[25]  It also found that Defendant

was a career offender who posed a high risk to recidivate, and that a sentence within the

Guidelines range was necessary to protect the community and deter both Defendant and others

from criminal conduct.[26]  In its explanation of Defendant's sentence, the Court made no mention

of what Defendant's Guidelines range would have been had he not been designated a career

offender.[27]

On November 17, 2007, the United States Sentencing Commission ("Commission")

adopted Amendment 706 to the Sentencing Guidelines to address what the Commission

considered to be unwarranted disparities in the sentences of defendants possessing and

distributing various forms of cocaine.[28]  Amendment 706 provides a two-level reduction in base

offense levels for crack cocaine offenses.[29]  The Commission made Amendment 706 retroactive,

effective as of March 2, 2008.[30]  Citing Amendment 706, Defendant filed a *pro se* Motion on

May 19, 2008, seeking a reduction in his sentence under 18 U.S.C. § 3582.[31]  The Government

filed its response on July 18, 2008,[32] and Defendant filed a counseled supplemental memorandum

---

[25] Id. at 37:12-18.

[26] Id. at 37:19-38:17.

[27] See generally id. at 26:4-42:4

[28] United States v. Rivera, 535 F.Supp.2d 527, 528 (E.D. Pa. 2008).

[29] U.S.S.G.App. C., Amend. 706 (2007).

[30] See U.S.S.G.App. C., Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

[31] Mot. for Modification of Sentencing Under U.S.C. § 3582(c)(2).  Amendment 706 [Document No. 470] ("Def.'s Mot.").

[32] Government's Resp. to Def.'s Mot. for Modification of Sentence Under U.S.C. § 3582(c)(2) Amendment 706 [Document No. 477] ("Gov't Resp.").

of law in support of his Motion on September 25, 2008.[33]  This matter is now ripe for disposition.

## II.   DISCUSSION

Defendant's Motion will be denied because his sentence was not "based on" the sentencing range under § 2D1.1, the section actually altered by Amendment 706.  Likewise, Amendment 706 has no effect on the Guidelines range applicable to Defendant.  Therefore, the Court lacks the authority under 18 U.S.C. § 3582 to reduce Defendant's sentence.

"Generally, a district court may not alter a term of imprisonment once it has been imposed."[34]  A district court may, however, modify the sentence of a defendant "who has been sentenced to a term of imprisonment *based on* a sentencing range that has been subsequently lowered by the Sentencing Commission."[35]  Such a reduction of a defendant's sentence must still be "consistent with applicable policy statements issued by the Sentencing Commission."[36]  In order for a reduction in a defendant's term of imprisonment to be consistent with the Commission's policy statements, the amendment must be listed in subsection (c) of Sentencing Guidelines § 1B1.10, as Amendment 706 is,[37] and it must also "have the effect of lowering the defendant's applicable Guidelines range."[38]

---

[33] Def.'s Supplemental Mem. of Law in Supp. of Mot. for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Document No. 491] ("Def.'s Mem.").

[34] United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008); 18 U.S.C. § 3582(b).

[35] 18 U.S.C. § 3582(c)(2) (emphasis added)

[36] Id.

[37] U.S.S.G. § 1B1.10(a)(2)(A), (c).

[38] U.S.S.G. § 1B1.10(a)(2)(B).  The Court notes that Defendant argues that § 1B1.10(a) does not control, and should not influence, the interpretation of § 3582(c)(2).  (Def.'s Mem. at *9-*13.)  But in light of the plain meaning of the statutory language of § 3582(c)(2) itself, the Court finds this argument unpersuasive.

Defendant is ineligible for a sentence reduction under § 3582.  Defendant was sentenced as a career offender and his sentencing range was therefore determined by § 4B1.1, and not by § 2D1.1.[39]  Amendment 706, which applies to § 2D1.1, has no effect on the sentencing range applicable to Defendant and the Commission has not otherwise lowered the sentencing range for career offenders under § 4B1.1.  In other words, Amendment 706 did not actually lower Defendant's sentencing range, nor was Defendant's sentence based on a sentencing range that has been subsequently lowered by the Commission.[40]  Moreover, Defendant would meet the criteria for career offender status regardless of the recent changes to § 2D1.1.[41]  As a result, the Court has no authority under § 3582 to reduce Defendant's sentence and will deny Defendant's Motion.

Defendant argues that the Guidelines range prescribed by § 2D1.1 was one of the bases for his sentence, because it was used as a basis for comparison by the Court.[42]  In general, "[i]f the court concludes that the criminal history category accurately represents the defendant's characteristics, it never reaches the comparison between defendant's sentence under § 4B1.1 and

---

[39] See United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008); United States v. Thomas, 524 F.3d 889, 889-90 (8th Cir. 2008) (per curiam); United States v. Tingle, 524 F.3d 839, 839 (8th Cir. 2008).  Many courts in this district have reached the same conclusion as this Court.  See United States v. Thompson, 290 Fed. Appx. 519, 520 (3d Cir. 2008); see also United States v. McDowell, 2008 WL 5264878 at *2 (E.D. Pa. December 17, 2008); United States v. Taylor, 2008 WL 4899460 at *3 (E.D. Pa. November 10, 2008); United States v. Robinson, 2008 WL 4792071 at *2 (E.D. Pa. October 30, 2008); United States v. Squire, 2008 WL 4694915 at *3 (E.D. Pa. October 23, 2008); United States v. Roman, 2008 WL 2669769 at *2 (E.D. Pa. July 7, 2008).

[40] See Rivera, 535 F.Supp.2d at 529-30; see also United States v. Ayala-Pizarro, — F.3d —, 2008 WL 5338459 at *2 (1st Cir. December 23, 2008) (holding that unless an amended guideline lowered the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of § 3582); United States v. Caraballo, — F.3d —, 2008 WL 5274853 at *4 (1st Cir. December 22, 2008) (same); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008).

[41] See U.S.S.G. § 4B1.1(a).

[42] Rivera, 535 F.Supp.2d at 530.

the sentence that would apply if another criminal history category were used," such as § 2D1.1.[43] The Court clearly stated at Defendant's sentencing hearing that a criminal history category of VI did not over-represent the seriousness of Defendant's criminal history.[44]  As a result, the Court did not compare Defendant's Guidelines range under § 4B1.1 to one under § 2D1.1.  Thus, § 2D1.1 or a Guidelines range thereunder was not, even partially, a basis for Defendant's sentence.

The Court acknowledges that there may be some career offender cases where the application of § 4B1.1 is influenced by the underlying § 2D1.1 Guidelines range such that the sentence ultimately selected is at least partially "based on" § 2D1.1.  This is not such a case. When explaining Defendant's sentence, the Court cited, among other things, Defendant's criminal history and his designation as a career offender, but never mentioned § 2D1.1.[45] Moreover, the Court stated that it sentenced Defendant to the bottom of the applicable Guidelines range because of "his age, his family need, his initial cooperation and the length of time . . that he needs to learn his lesson and be rehabilitated."[46]  Again, there was no mention of nor any comparison to a Guidelines range under § 2D1.1.  Thus, Defendant's argument must fail because Defendant's sentence not was based on, even in part, the Guidelines range prescribed by § 2D1.1.

An appropriate Order follows.

---

[43] Id.

[44] Tr. at 30:10-14, 38:6-8.

[45] See id. at 37:8-38:17.

[46] Id. at 37:12-18.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION** |
| | ) | **05-cr-0619-06** |
| **KAREEM MYERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## ORDER

    **AND NOW**, this 23rd day of February, 2009, upon consideration of Defendant Kareem

Myers' "Motion for Modification of Sentencing Under U.S.C. § 3582(c)(2).  Amendment 706"

[Document No. 470], the Government's response [Document No. 477] and Defendant's

supplement memorandum of law in support of his Motion [Document No. 491], it is hereby

**ORDERED** that Defendant's Motion is **DENIED**.

    It is so **ORDERED**.

                                      **BY THE COURT:**

                                      **/s/ Cynthia M. Rufe**

                                      _____

                                      **CYNTHIA M. RUFE, J.**